# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **INDICTMENT NO.** |
| v. ) | **1:10-CR-00134-WSD-LTW-2** |
| ) | |
| **DONALD FRANK,** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION FOR THE ADMISSION OF
## DEFENDANT'S HABIT EVIDENCE

**COMES NOW** Defendant Donald Frank, by and through undersigned counsel, and hereby files this Motion for the Admission of Defendant's Habit Evidence. In support of this Motion, Defendant shows as follows:

1.

Defendant Frank has been employed as a law enforcement officer in various ranks in the DeKalb County Police Department for over twenty (20) years. He ultimately rose to the level Deputy Chief of the Dekalb County Police Department, which he held at certain times contained within the above-referenced Bill of Indictment.[1]

---

[1] At the time he was indicted, Defendant held the rank of Lieutenant in the Dekalb County Police Department.

1

2.

Based upon information and belief, the prosecution will attempt to prove at trial that Defendant performed police work in exchange for payment, including (i) sending law enforcement officers to a hotel parking lot to be visible at the request of co-defendant Mr. Budwhani; (ii) checking the tag number on a supposed stolen vehicle at the request of Mr. Budwhani; (iii) threatening, detaining and coercing a confession of theft from the employees of Mr. Budwhani, who allegedly stole money from Mr. Budwhani; (iv) contacting creditors of Mr. Budwhani over the telephone to advise them to pay their debts; and (v) contacting a woman whom Mr. Budwhani had a sexual affair with and who was supposedly extorting Mr. Budwhani, and telling her to cease her conduct.  It is believed that the Government will seek to prove that Defendant used his law enforcement position and title to accomplish these events on Mr. Budwhani's behalf.

3.

Defendant specifically denies receiving any money from Mr. Budwhani for the purpose of performing or as payment for any illegal conduct or law enforcement act.

4.

Defendant seeks to present evidence, through testimony of witnesses, that for over twenty (20) years, Defendant has served as a dedicated law enforcement officer

and conducted police work, without any improper motive or financial incentive, in a manner similar to the allegations waged by the Government in the above-referenced Bill of Indictment.  Specifically, (i) Defendant has sent law enforcement officers to parking lots and other locations at the request of business owners who have alleged that gangs or others were loitering in said parking lots and hence, harming the business or causing possible violence in that area; (ii) Defendant has spoken with people who have allegedly stolen from another party and requested that the alleged perpetrator pay back the money rather than be arrested for theft of services or another type of theft; and (iii) Defendant has assisted persons with questions about pending warrants, stolen property, including stolen vehicles, and the like.

5.

Federal Rule of Evidence 406 allows habit evidence to be used to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.  See Fed. R. Evid.406; <u>Dasher v. A.G.</u>, 574 F.3d 1310 (11th Cir. 2009); <u>United States v. Arrendondo</u>, 349 F.3d 310 (6th Cir. 2003).

6.

Evidence of the habit of a person whether corroborated or not and regardless of the presence of eye-witnesses, is relevant to prove that the conduct of the person on a particular occasion was in conformity with the habit or routine practice.  A habit

is a regular practice of meeting a particular situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving a hand signal for a left turn. The doing of habitual acts may become semi-automatic. United States v. Serrata, 425 F.3d 886 (10th Cir. 2005); United States v. Yazzie, 188 F.3d 1178 (10th Cir. 1999).

7.

Defendant seeks to present evidence at trial that for over twenty (20) years, he policed in the same exact way, without any payment or alleged bribes being offered or accepted. This evidence is critical to Defendant's case because without said evidence, the Government is free to argue, and the petit jury can wrongly believe that Defendant is solely acting in a manner that benefits Mr. Budwhani because Defendant is supposedly being financially rewarded by Mr. Budwhani, and thus he sold his badge.

8.

Defendant, if needed, will proffer to this Honorable Court, ex parte, on a sealed record, the specific evidence that Defendant intends to present as habit evidence at trial to support his sole defense of the above-referenced charges.

**WHEREFORE,** Defendant respectfully requests that this Honorable Court

permit Defendant to present habit evidence to traverse the allegations of the Government in the above-referenced Bill of Indictment.

This 10th day of January, 2011.

                                        Respectfully submitted,

                                        */s/ Brian Steel*_____
                                        BRIAN STEEL
                                        GA Bar No. 677640
                                        E-mail: thesteellawfirm@msn.com
                                        Counsel for Defendant Frank


                                        */s/ Bruce H. Morris*_____
                                        GA Bar No. 523575
                                        Email: bmorris@fmattorneys.com
                                        Counsel for Defendant Frank

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **MOTION FOR THE ADMISSION OF DEFENDANT'S HABIT EVIDENCE** via **Electronic Filing (E-Filing)**, to the following:

**Susan Coppedge, Esq.**
**Assistant United States Attorney**
**600  Richard B. Russell Building**
**75 Spring Street, SW**
**Atlanta, Georgia  30335**

This 10th  day of January, 2011.

            Respectfully submitted,


            */s/ Brian Steel*
            BRIAN STEEL
            GA Bar No. 677640
            E-mail: thesteellawfirm@msn.com
            Counsel for Defendant Frank