IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 1:10-CR-134-WSD |
| DONALD FRANK : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR THE ADMISSION OF
DEFENDANT'S HABIT EVIDENCE

Comes now the United States of America, by Sally Quillian Yates, United States Attorney, and Susan Coppedge and Christopher C. Bly, Assistant United States Attorneys for the Northern District of Georgia, and files this response to Defendant's motion to admit habit evidence. Defendant's request is nothing more than a thinly veiled attempt to admit inadmissible character evidence, and it should be denied.

BACKGROUND

Defendant is charged in a Second Superceding Indictment with five counts of bribery, all of which occurred between September of 2008 and August of 2009. (Doc. 55). In the instant motion, Defendant seeks to introduce evidence that, during his career, he "has served as a dedicated law enforcement officer and conducted police work, without any improper motive or financial incentive." (Doc. 65-2-3). He wants to admit evidence of his good acts as a police officer, including instances where he obliged business owners by sending officers to parking lots to break up gangs and

disperse loiterers, his attempts to resolve theft allegations by encouraging the perpetrator to repay that which was stolen, and his efforts to assist persons "with questions about pending warrants, stolen property, including stolen vehicles, and the like." (Id. at 3). Defendant alleges that he did all of these good acts solely because he was a police officer, without "any improper motive or financial incentive." (Id.). Simply put, Defendant seeks to admit evidence that, for twenty years, he was a good police officer, "without any payment or alleged bribes being offered or accepted." (Id. at 4). Defendant does not provide any details about these alleged good acts, such as how many of them there are or when they occurred.

## ARGUMENT AND CITATION OF AUTHORITY

The good acts Defendant seeks to admit are not relevant to the allegations in this case, and they do not constitute "habit" evidence. Defendant's motion should be denied.

Federal Rule of Evidence 406 permits the introduction of "[e]vidence of the habit of a person . . . to prove that the conduct of the person . . . on a particular occasion was in conformity with the habit." Fed. R. Evid. 406. Habit evidence "is never to be lightly established, and evidence of example, for purpose of establishing such habit, is to be carefully scrutinized before admission." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1524 (11th Cir. 1985) (internal quotation marks

omitted), abrogated on other grounds by, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

Habit evidence is different from character evidence, which is subject to Rule 404; "[h]abit evidence is considered to be highly probative and therefore superior to character evidence because the uniformity of one's response to habit is far greater than the consistency with which one's conduct conforms to character or disposition." Reyes v. Missouri Pac. R.R. Co., 589 F.2d 791, 794 (5th Cir. 1979) (internal quotation marks omitted).[1] Habit evidence "describes one's regular response to a repeated specific situation." Id. (internal quotation marks omitted). A habit is:

> the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual acts may become semi-automatic.

Id. (internal quotation marks omitted).

"Although a precise formula cannot be proposed for determining when the behavior may become so consistent as to rise to the level of habit, adequacy of sampling and uniformity of response are controlling considerations." Id. at 795 (internal quotation marks omitted). Simply put, "[i]t is only when the examples offered to

---

[1] Decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding as precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

establish such pattern of conduct or habit are numerous enough to base an inference of systematic conduct and to establish one's regular response to a repeated specific situation" that proffered evidence should be admitted pursuant to Rule 406. G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1533 (11th Cir. 1985) (internal quotation marks omitted).

Defendant does not offer specific examples of any conduct, let alone systematic conduct or a regular response to a repeated specific situation. Defendant offers no facts with which to judge the "adequacy of sampling" or the "uniformity" of Defendant's response to a specific situation. See Reyes, 589 F.2d at 795.[2] Defendant proffers no facts to establish a habit, and his motion should be denied.

Nevertheless, even if Defendant were to provide several specific examples of when he sent an officer to a business parking lot to disperse a crowd, or when he attempted to resolve a theft complaint with something short of an arrest, such conduct does not a habit make. Habit evidence is specific, repeated responses to a specific situation -- such as going down a specific stairway two

---

[2] Defendant suggests that he would be willing to provide the evidence he actually seeks to admit to the Court, ex parte, on a sealed record. (Doc. 65-4). It is not clear why the information Defendant seeks to admit at trial needs to be shielded from the public now. In fact, such evidence should be provided in discovery if Defendant intends to introduce it at trial. Fed. R. Crim. P. 16(b)(1)(A)(ii). Regardless, Defendant has the burden to establish the admissibility of the evidence he seeks to admit, and his failure to even identify the evidence is fatal to his request.

steps at a time or using hand signals to make a left turn. See Reyes, 589 F.2d at 794. The Eleventh Circuit has consistently rejected attempts to repackage character evidence (good or bad) as that of a habit. See United States v. Aguirre, 368 F. App'x. 979, 991 (11th Cir. March 18, 2010) (evidence that a person previously falsified tax returns for approximately twelve people not sufficient to demonstrate a "regular practice" or "semi-automatic" response to a particular situation); Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1285-86 (11th Cir. 2008) (evidence that a company previously fired four African-American employees who complained of racial discrimination not sufficient to establish a habit[3]); Reyes, 589 F.2d at 795 (four prior convictions for public intoxication insufficient to establish a habit of intemperance).[4]

In United States v. Troutman, 814 F.2d 1428 (10th Cir. 1987), the Tenth Circuit considered and rejected an argument similar to the one Defendant makes here. In Troutman, the defendant was charged with conspiracy to commit extortion. Id. at 1432. He

---

[3] The court found that the evidence was admissible pursuant to Rules 402 and 404(b). Goldsmith, 513 F.3d at 1286. Defendant here argues for admission under only Rule 406.

[4] The Eleventh Circuit described as a "close call" evidence of a habit of drinking on the job supported by testimony that the individual carried a cooler of beer with him at work, the individual's admission that he carried beer to work and drank on the job, and testimony that the individual was previously terminated from a job because of drinking beer at work. See Loughan, 749 F.2d at 1523-24. Defendant proffers no evidence, let alone evidence from multiple different sources.

attempted to introduce evidence from several witnesses, unrelated to the criminal accusations, that the defendant had never conditioned the award of state business upon their making political contributions, as was alleged in the criminal action. Id. at 1454. The Tenth Circuit affirmed the exclusion of such testimony, holding that "[e]xtortion or refraining from extortion is not a semi-automatic act and does not constitute habit." Id. at 1455. The appellate court held that the district judge properly excluded, as irrelevant, evidence of the defendant's past official conduct unrelated to the extortionate communications at issue in the case. Id.[5]

Defendant's request to admit prior good acts under the label of habit evidence is materially indistinguishable from the failed attempt to admit similar evidence in Troutman. Bribery and refraining from bribery, like extortion and refraining from extortion, is not a semi-automatic act subject to admission under Rule 406. See also Jones v. S. Pacific R.R., 962 F.2d 447, 449-50 (5th Cir. 1992) (refusing to admit as habit evidence a train engineer's record of nine violations over the course of a twenty-nine year career); Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d

---

[5] It appears that the district court in Troutman admitted testimony regarding prior conduct from one witness, but, after hearing that testimony, excluded additional, similar testimony. Troutman, 814 F.2d at 1454. Defendant argued on appeal that all of the testimony should have been admitted. Id. The court disagreed, noting that Rule 406 does not "cover[]" such evidence. Id.


536, 542-43 (S.D.N.Y. 2005) (refusing to admit as habit evidence a plaintiff's acts of insubordination and lack of teamwork with a prior employer). Defendant's request to admit instances of prior good conduct should be denied.[6]

---

[6] To the extent the Court permits Defendant to offer evidence of prior good acts, suggesting that he was a good police officer, the Government should be permitted to offer counter evidence of bad acts, including those that gave rise to Defendant being suspended and receiving several written "counselings" at work. Given the number of good and bad acts that occurred during the course of Defendant's career, the proceedings could easily devolve into numerous "trial[s] within a trial." See Zubulake, 382 F. Supp. 2d at 543. Instead, the Court should exclude such evidence and limit the testimony to acts relevant to the allegations in the Second Superceding Indictment.

CONCLUSION

Defendant does not proffer evidence of any prior acts sufficient to establish habit or systemic conduct demonstrating a regular response to a repeated specific situation, and his motion to admit evidence pursuant to Rule 406 should be DENIED.

>Respectfully submitted,
>
>SALLY QUILLIAN YATES
>UNITED STATES ATTORNEY
>
>/s/CHRISTOPHER C. BLY
>ASSISTANT UNITED STATES ATTORNEY
>Georgia Bar No. 064634
>Chris.Bly@usdoj.gov
>
>/s/SUSAN COPPEDGE
>ASSISTANT UNITED STATES ATTORNEY
>Georgia Bar No. 187251
>Susan.Coppedge@usdoj.gov
>
>600 U.S. Courthouse
>75 Spring St., S.W.
>Atlanta, GA  30303
>(404)581-6000
>(404)581-6181 (Fax)

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

    Bruce Morris
    Brian Steel

This 24th day of January, 2011.

    /s/CHRISTOPHER C. BLY
    ASSISTANT UNITED STATES ATTORNEY
    Chris.Bly@usdoj.gov